Case 1:04-cv-06657-AWI-WMW   Document 16   Filed 08/04/06   Page 1 of 2

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS REYES, | CV F 04-6657 AWI WMW HC |
| Petitioner, | ORDER RE MOTION FOR ABEYANCE |
| | [Doc. 14] |
| v. | |
| W. J. SULLIVAN, | |
| Respondent. | |

    Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On July 19, 2006, Petitioner filed a motion to hold this case in abeyance while he exhausts additional claims that he is actually innocent of the charge of assault with a deadly weapon, and related due process and ineffective assistance of counsel claims.

    A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited

circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Rhines</u>. at 1535.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id</u>.

In this case, Petitioner seeks an opportunity to exhaust the claim that he is actually innocent of assault with a deadly weapon.  Petitioner, however, was not convicted of assault with a deadly weapon.  Rather, he was convicted of assault on an inmate pursuant to Penal Code Section 4501.[1]  Assault with a deadly weapon is not a necessary element of that crime.  Therefore, Petitioner's motion presents no basis for a stay.

Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

**Dated:    August 4, 2006**          /s/  William M. Wunderlich
bl0dc4                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Penal Code Section 4501 provides:
Except as provided in Section 4500, every person confined in a state prison of this state who commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury, shall be guilty of a felony and shall be imprisoned in the state prison for two, four, or six years to be served consecutively.