IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS REYES, | ) | CV F 04-6657 AWI WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| v. | ) | RECONSIDERATION |
| | ) | |
| | ) | (Document #27) |
| W. J. SULLIVAN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 19, 2006, Petitioner filed a motion to hold his petition in abeyance while he exhausts an additional claim.  In his July 19, 2006 motion, Petitioner claimed the issues he wished to exhaust are that he is actually innocent of the charge of assault with a deadly weapon and related due process and ineffective assistance of counsel claims.  On August 4, 2006, the Magistrate Judge denied Petitioner's request.  The Magistrate Judge reasoned that Petitioner sought an opportunity to exhaust a claim that he is innocent of assault with a deadly weapon, but Plaintiff was only convicted of assault on an inmate.  On October 20, 2006, Petitioner filed a motion for reconsideration of this order.[1]

---

[1] The court notes that Plaintiff has also appealed this order. In general, the filing a notice of appeal transfers jurisdiction over the matters appealed to the court of appeals, and the district court generally is divested of jurisdiction over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001).  However, a notice of appeal from a

The court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The court has reviewed Petitioner's motion for reconsideration, the Magistrate Judge's

---

nonappealable order will not divest the district court of jurisdiction. <u>Estate of Conners by Meredith v. O'Connor</u>, 6 F.3d 656, 658 (9th Cir. 1993); <u>United States v. Garner</u>, 663 F.2d 834, 838 (9th Cir.1981); <u>Ruby v. Secretary of the Navy</u>, 365 F.2d 385, 389 (9th Cir.1966) (en banc). Where a notice of appeal fails to transfer jurisdiction to the appellate court, jurisdiction remains in the district court because jurisdiction "cannot float in the air." <u>Estate of Conners by Meredith v. O'Connor</u>, 6 F.3d 656, 659 (9th Cir. 1995); <u>Ruby</u>, 365 F.2d at 388. The Magistrate Judge's order denying Petitioner's request to hold this action in abeyance is not an order that can be appealed. Thus, this court maintains jurisdiction over this action and may rule on Petitioner's motion for reconsideration.

order denying abeyance, and Petitioner's motion for abeyance.   The Magistrate Judge's ruling was not clearly erroneous or contrary to law.   In his motion, Petitioner states that the Magistrate Judge found allowing exhaustion would be futile because Petitioner wanted to exhaust a claim of actual innocense to the crime of assault with a deadly weapon – a crime Petitioner had not been convicted of.  Petitioner admits that he made a mistake about the crime he was convicted of violating, and Petitioner states he wants to file a claim in state court alleging actual innocense of the crime of assault on an inmate.  Because Petitioner is now attempting to exhaust the issue of his innocense to the crime for which he was convicted, Petitioner claims allowing exhaustion would not be futile.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that district courts have discretion, in limited circumstances, under AEDPA to hold mixed petitions in abeyance, instead of dismissing them, when the petitioner needs to return to state court to exhaust claims. The Supreme Court recognized that, without an abeyance procedure, the district court's dismissal, because of crowded dockets, may occur after the limitations period expires for filing a proper application in federal court and deprive the petitioner of any chance to have a federal court review his federal claims. Rhines, 125 S.Ct. at 1533-34. Abeyance is proper, however, only in limited circumstances, otherwise "[s]tay and abeyance, if employed too frequently, has the potential to undermine the[ ] twin purposes [of exhaustion and finality]." Id. at 1534. Abeyance is appropriate only when the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 1535. The Supreme Court noted that, even if abeyance is granted, "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 1535.

Even were the court to conclude that the claim Petitioner wants to exhaust is no longer meritless because Petitioner is claiming innocense of the same crime he was actually convicted of violating, Petitioner has not met the other Rhines facts.   Specifically, Petitioner has failed to

1 convince this court that he had good cause for failing to exhaust this claim earlier.   Petitioner has
2 merely alleged why he is innocent of the crime of assault on an inmate.   Petitioner has failed to
3 adequately explain his reasons for not exhausting this claim earlier.   Thus, even assuming
4 Petitioner made a mistake in his original motion for abeyance by citing to the wrong statute, and
5 the Magistrate Judge denied relief based on this mistake, Petitioner has still not shown that
6 abeyance is warranted.

   Accordingly, the court ORDERS that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   October 24, 2006**            /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE

4