UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS REYES, | CV F 04-6657 AWI WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| W. J. SULLIVAN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

**PROCEDURAL HISTORY**

On November 9, 2001, information number SC0832484A was filed in Kern County Superior Court, charging Petitioner in count 1 with attempted murder (Pen. Code § 664/187, subd.(a)) and in count 2 with assault on an inmate (Pen. Code § 4501). It was further alleged in both counts that Petitioner had suffered four prior serious felony convictions under the Three Strikes Law (Pen. Code, §§ 667, subds. (C)-(j)/ 1170.12, subds. (a) - (e)) and had served a prior prison term (Pen. Code § 667.5, subd.(b)).

On February 22, 2002, a jury found Petitioner guilty of count 2, assault on an inmate. After a

1  court trial, all of the enhancement allegations were found to be true. Petitioner waived the
2  preparation of the probation officer's report and asked the court to strike one or more of the prior
3  serious felony convictions. The trial court denied the request and sentenced Petitioner to 25 years to
4  life. The sentence on the prior prison term allegation was stayed.

On February 25, 2002, Petitioner filed a direct appeal. The Court of Appeal affirmed the judgment on November 18, 2003. The California Supreme Court denied a petition for review.

Petitioner filed the present petition on December 6, 2004. Before a judgment was entered in this case, Petitioner filed a premature notice of appeal on August 30, 2006. The Ninth Circuit dismissed the appeal for lack of jurisdiction on May 7, 2007.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations omitted).

When the California Supreme Court's opinion is summary in nature, however, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

1 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual
2 determinations must be presumed correct, and the federal court must accept all factual findings made
3 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
4 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
5 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
6 1388 (9th Cir. 1997).

## DISCUSSION

Sufficiency of Evidence

Petitioner contends that there was insufficient evidence to support the finding of guilt as to the count 2, assault on an inmate. Petitioner argues that the surveillance videotape of the incident showed that Officer Galvan was too far away to have identified him, and that Officer Galvan's testimony was inconsistent with that of Officer Lenker's observations of the incident. Respondent disputes this contention.

In addressing this issue, the Court of Appeal held as follows:

> Here, the evidence is sufficient to find that appellant assaulted Medina. Officer Galvan, who witnessed the event, positively identified appellant as the initiator of the assault. He also identified appellant as one of the inmates who continued to assault Medina after all inmates were ordered to get down. Galvan testified that he was familiar with the inmates as he watched them in the yard for several months. In addition, Lenker, in viewing the surveillance tape, identified appellant as the inmate who first struck Medina.
> "[W]hen the circumstances surrounding the identification and its weight are explored at length at trial, where eyewitness identification is believed by the trier of fact, that determination is binding on the reviewing court. [Citation.]" (*In re Gustavo M*. (1989) 2145 Cal.App.3d 1485, 1397.) There is sufficient evidence to find appellant participated in the attack on Median.

The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16. In this case, in stating the standard for the sufficiency of the evidence, the Court of Appeal cited People v. Johnson, 26 Cal.3d

1  557, 576 (1980), wherein the California Supreme Court held that the longstanding California

2  standard is the same as the standard stated in <u>Jackson v. Virginia</u>.

3   The court finds that Officer Galvan's testimony that he could not identify Petitioner on a

4  "freeze frame" portion of the surveillance videotape of the incident does not negate his testimony

5  that he observed Petitioner strike the victim at the time of the incident.  Under the facts reviewed by

6  the Court of Appeal, a rational trier of fact could find the essential elements of the crime beyond a

7  reasonable doubt.  The court finds, therefore, that Petitioner fails to carry his burden of showing that

8  the State court's resolution of his contention "resulted in a decision that was based on an

9  unreasonable determination of the facts in light of the evidence presented in the State Court

10 proceeding." 28 U.S.C. § 2254(d).   This contention therefore presents no basis for habeas corpus

11 review.

12 <u>Cruel and Unusual Punishment</u>

13  Petitioner contends that his sentence violates the Eighth Amendment prohibition against

14 cruel and unusual punishment. Specifically, Petitioner claims that the Three Strike Law constitutes

15 cruel and unusual punishment as applied to him.  Respondent disputes this contention.

16  The Court of Appeal rejected this contention, stating as follows:

17  As for appellant's claim under the federal Constitution, the Eighth Amendment prohibits only extreme sentences that are grossly disproportionate to the crime committed;
18 here is no requirement of strict proportionality between crimes and sentences. (*Harmelin v. Michigan* [(1991)] 501 U.S. [957,] 1001.)  In fact, in a noncapital case, a violation based on
19 disproportionality is rarely found and the circumstances must be extreme. (See *Lockyer v. Andrade* (2003) 538 U.S. 63 [123 S.Ct. 1166].)  In *Harmelin*, *supra*, the court rejected a
20 disproportionality argument raised by the defendant who, with no prior record, received a sentence of life without the possibility of parole for possession of 672 grams of cocaine.
21 (*Harmelin v. Michigan*, *supra*, 501 U.S. at pp. 961-962, 996 (plur.opn. of Scalia, J.).)
 If *Harmerlin's* sentence was not disproportionate under the federal Constitution,
22 given his lack of prior record and that his offense involved no violence, then appellant cannot content his sentence was cruel or unusual.  In fact, after the United States Supreme Court
23 decision in *Lockyer*, *supra*, there is some question whether the principle of gross disproportionality should apply at all to a sentence imposed under a recidivist statute, such as
24 the Three Strikes Law. (See *Lockyer v. Andrade, supra*, 538 U.S. 63 [123 S.Ct. at p. 1175].)
 Appellant's crime involved a violent act.  He also had a significant criminal record
25 and was in prison at the time of the current offense.  Thus, we conclude his sentence is not grossly disproportionate to his crime and does not violate the Eighth Amendment.

26

27  A criminal sentence that is not proportionate to the crime for which a defendant is convicted

28 may violate the Eighth Amendment.  However, two decisions by the United States Supreme Court

require that Petitioner's claim be denied.

In <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S. Ct.1166 (2003), the United States Supreme Court discussed the current state of Eighth Amendment proportionality review and held that the only clearly established governing legal principle is that a "gross disproportionality" review applies to criminal sentences for a term of years, but the precise contours of that principle are "unclear applicable only in the 'exceedingly rare' and 'extreme' case." <u>Lockyer v. Andrade</u>, 538 U.S. 63, –, 123 S.C.t 1166, 1173 (2003). <u>Andrade</u> casts doubt on almost any non-death penalty petitioner's ability to demonstrate that a state court's rejection of the Eight Amendment claim prior to March 2003, was contrary to or an unreasonable application of clearly established federal law.

In <u>Ewing v. California</u>, 538 U.S. 11, 123 S.Ct. 1179 (2003), the Supreme Court upheld a sentence of 25 years to life for a recidivist convicted most recently of grand theft. <u>Ewing</u> further explained that the three strikes law was not constitutionally infirm. <u>Ewing v. California</u>, 538 U.S. 11, 123 S.Ct. 1179, 1190 (2003).

In conducting a proportionality review of Ewing's sentence, the Court stated, "[i]n weighing the gravity of Ewing's offense, we must place on the scales not only his current felony, but also his long *history of felony recidivism*." <u>Id</u>. at 1189-1190 (emphasis added). The Court noted that "any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions." <u>Id</u>. at 1190. In imposing a Three Strikes sentence on a recidivist criminal, the Court recognized the state's interest in dealing "in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." <u>Id</u>. (*citing* <u>Rummel v. Estelle</u>, 445 U.S. 263, 276 (1980)). Accordingly, any proportionality review must take this interest into account. <u>Id.</u>

Petitioner's sentence of 25 years to life does not raise an inference of gross disproportionality to his crimes. Petitioner received a sentence of 25 years to life having been convicted of assault on an inmate and for having four prior serious felony convictions. Accordingly, the court finds that Petitioner has failed to carry his burden of demonstrating that the State court's resolution of his contention "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, the court finds that this contention presents no basis for habeas corpus relief.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DENIED;

2) A certificate of appealability is DENIED;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **March 14, 2008**          /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE